## OWENS et al. v. DANIEL. (No. 789.)

Court of Civil Appeals of Texas. Waco.
April 4, 1929.

Rehearing Denied April 25, 1929.

J. L. Lipscomb and Cockrell, McBride, O'Donnell & Hamilton, all of Dallas, for appellants.

Thompson, Knight, Baker & Harris and J. H. Ranson, all of Dallas, for appellee.

BARCUS, J. Appellee filed this suit against appellant the Owens Lumber Company to recover $1,822.46, the contract price of a car of lumber. The cause was tried to a jury and at the conclusion of the testimony the trial court instructed the jury to return a verdict for appellee for said amount.

It appears from the record that in April, 1926, appellee sold and shipped to appellants on open account a car of lumber from Carthage, Tex., to be delivered at Exall, in Dallas county, and sent the bill of lading, together with the invoice, to appellants. When appellants received the invoice for the lumber, they immediately, on April 16th, wrote appellee the following letter: "We are in receipt of invoice covering car of lumber. * * * This shipment is so out of all proportion and reason to what we ordered that we phoned Mr. Walker to refuse the car, but he has been out of the city, and we have gone ahead and unloaded the car in order to save demurrage. This is notice to you that we are not going to accept this car, shipped in this condition at these prices, and as soon as I can see Mr. Walker I will tell him what we will do." At the time appellants did unload said car of lumber they placed same in their yard, but did not mix it with any of their other lumber. Before appellants got Mr. Walker out to inspect the lumber with them it was, on May 3d, together with appellants' entire lumber yard, totally destroyed by fire.

■■ The controlling issue in the case is: To whom did the lumber belong at the time same was burned; that is, was it appellants' lumber or was it appellee's? If as a matter of fact appellants at the time of the fire had accepted said lumber, it belonged to them. If they had not accepted it, but were holding it for the use and benefit of appellee, of course it was appellee's lumber. Appellants requested the trial court to submit the issue to the jury as to whether they had in fact accepted the lumber at the time of the fire, and assign error to the action of the court in refusing said instruction. We sustain this assignment. While the evidence is very conflicting, and in many material respects contradictory, we think it was sufficient, under the peculiar facts in this case, to raise said issue. In passing on the question as to whether the trial court should have submitted said issue to the jury, the testimony must be viewed from the most favorable standpoint of appellants. The record shows that appellee owned lumber mills and sold a large number of cars of lumber annually. Appellant J. T. Owens testified that appellants had during a long period of years bought a number of cars from Mr. Daniel through Mr. Walker, a lumber broker who lived in Dallas. He testified appellants had been in the lumber business in Dallas since 1886, and had purchased many cars of lumber; that they always unloaded the cars as soon as they arrived, for the purpose of being able to grade the lumber and see if it came up to the grade purchased; that, if the lumber did not come up to the grade purchased, they would take the matter up with the shipper and try and make adjustment; that, if they could not adjust their differences, the shipper would take the lumber out and sell elsewhere. He testified that he had been buying lumber from appellee for many years and that this had been his custom and practice in handling the lumber which he did purchase from appellee; that he had unloaded previous cars of lumber which he had purchased from appellee and then graded same, and that appellee had always accepted the grade as made by appellants; that it was not his intention, neither was it understood by dealers, nor was it the custom between lumber dealers, to hold that a lumber yard, by unloading a car of lumber, had thereby accepted same. He testified positively that they did not accept the car of lumber in question; that it was not what they had purchased, and that by unloading it he did not intend to accept it; that during the long years of dealing with appellee the custom

had grown up between them, as well as same being the general custom in the lumber business, that the unloading did not amount to an acceptance. Appellants, on April 16th, immediately after unloading the lumber, wrote appellee the letter above quoted. Mr. Daniel, immediately after receiving said letter, by telephone took the matter up with Mr. Walker, the party who had made the sale for him to appellants, and while Mr. Walker and appellants were making arrangements to inspect and grade the lumber and reach an adjustment, the same was destroyed by fire. Without stating the evidence more in detail, we think it was sufficient, when viewed in its most favorable aspect, to raise the issue as to whether appellants did by their acts accept the lumber, and the trial court should have submitted said issue to the jury for its determination.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.